**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**JEFFREY GRAY**                                                      **PLAINTIFF**

**v.**                                              **CAUSE NO.: 1:24cv150 HSO-BWR**

**CITY OF OCEAN SPRINGS, MISSISSIPPI,**
**SERGEANT DAVID WILDER, and OFFICER**
**CODY GILL, in their individual and official**
**capacities**                                                     **DEFENDANTS**

_____

**DEFENDANT, CITY OF OCEAN SPRINGS, MISSISSIPPI'S, ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**
_____

COMES NOW, Defendant, the City of Ocean Springs, Mississippi ("Defendant" or the "City"), by and through undersigned counsel, and files this its Answer and Affirmative Defenses to Plaintiff's Complaint, and in support thereof, would show unto the Court as follows:

## I.     ANSWER

1.    Defendant is without sufficient information to admit or deny the information contained in this paragraph. Out of an abundance of caution, those allegations are denied.

2.    Denied.

3.    Defendant is without sufficient information to admit or deny the information contained in this paragraph. Out of an abundance of caution, those allegations are denied.

4.    Defendant is without sufficient information to admit or deny the information contained in this paragraph. Out of an abundance of caution, those allegations are denied.

5.    Defendant is without sufficient information to admit or deny the information contained in this paragraph. Out of an abundance of caution, those allegations are denied.

6.      Defendant admits that Plaintiff has alleged federal claims. The remaining allegations contained in this paragraph are denied.

7.      Defendant admits that Plaintiff's allegations concern an incident that occurred in Ocean Springs, Mississippi which is in this judicial district. Defendant is without sufficient information to admit or deny the remaining allegations contained in this paragraph. Out of an abundance of caution, those allegations are denied.

8.      Defendant is without sufficient information to admit or deny the information contained in this paragraph. Out of an abundance of caution, those allegations are denied.

9.      Defendant admits that it is a municipality. The remaining allegations are denied.

10.     Defendant admits that co-defendant David Wilder was an employee of the City of Ocean Springs during the relevant time complained of. The remaining allegations contained in this paragraph are directed at a co-defendant for which a separate responsive pleading will be filed. To the extent the allegations contained in this paragraph allege any wrongdoing by this Defendant, those allegations are denied.

11.     Defendant admits that co-defendant Cody Gill was an employee of the City of Ocean Springs during the relevant time complained of. The remaining allegations contained in this paragraph are directed at a co-defendant for which a separate responsive pleading will be filed. To the extent the allegations contained in this paragraph allege any wrongdoing by this Defendant, those allegations are denied.

12.     Defendant admits that Plaintiff was present outside City Hall on May 31, 2023. The remaining allegations are denied.

13.     Admitted.

14.     Admitted.

15.    Defendant denies the allegations contained in this paragraph as stated and defers to the case law which speaks for itself.

16.    Defendant is without sufficient information to admit or deny the information contained in this paragraph. Out of an abundance of caution, those allegations are denied.

17.    Defendant is without sufficient information to admit or deny the information contained in this paragraph. Out of an abundance of caution, those allegations are denied.

18.    Defendant is without sufficient information to admit or deny the information contained in this paragraph. Out of an abundance of caution, those allegations are denied.

19.    Defendant is without sufficient information to admit or deny the information contained in this paragraph. Out of an abundance of caution, those allegations are denied.

20.    Denied as stated.

21.    Denied as stated. Defendant defers to all videos of the subject incident which speak for themselves.

22.    Denied as stated. Defendant defers to all videos of the subject incident which speak for themselves.

23.    Denied as stated. Defendant defers to all videos of the subject incident which speak for themselves.

24.    Denied as stated. Defendant defers to all videos of the subject incident which speak for themselves.

25.    Denied as stated. Defendant defers to all videos of the subject incident which speak for themselves.

26.     The allegations contained in this paragraph are directed at a co-defendant for which a separate responsive pleading will be filed. To the extent the allegations contained in this paragraph allege any wrongdoing by this Defendant, those allegations are denied.

27.     Denied as stated. Defendant defers to all videos of the subject incident which speak for themselves.

28.     Denied as stated. Defendant defers to all videos of the subject incident which speak for themselves.

29.     Denied as stated. Defendant defers to all videos of the subject incident which speak for themselves.

30.     Defendant is without sufficient information to admit or deny the information contained in this paragraph. Out of an abundance of caution, those allegations are denied.

31.     Defendant is without sufficient information to admit or deny the information contained in this paragraph. Out of an abundance of caution, those allegations are denied.

32.     Denied as stated. Defendant defers to all videos of the subject incident which speak for themselves.

33.     Defendant admits that Wilder was acting in his capacity as a City police officer during the time complained of. Defendant is without sufficient information to admit or deny the remaining allegations contained in this paragraph. Out of an abundance of caution, those allegations are denied.

34.     Denied as stated. Defendant defers to all videos of the subject incident which speak for themselves.

35.     Denied as stated. Defendant defers to all videos of the subject incident which speak for themselves.

36. Denied as stated. Defendant defers to all videos of the subject incident which speak for themselves.

37. Defendant denies the allegations contained in this paragraph as stated and defers to the case law which speaks for itself.

38. Defendant is without sufficient information to admit or deny the information contained in this paragraph. Out of an abundance of caution, those allegations are denied. Defendant defers to all videos of the subject incident which speak for themselves.

39. Defendant is without sufficient information to admit or deny the information contained in this paragraph. Out of an abundance of caution, those allegations are denied. Defendant defers to all videos of the subject incident which speak for themselves.

40. Defendant denies the allegations contained in this paragraph as stated and defers to the case law which speaks for itself.

41. Defendant is without sufficient information to admit or deny the information contained in this paragraph. Out of an abundance of caution, those allegations are denied.

42. Defendant denies the allegations contained in this paragraph as stated and defers to the City's Code of Ordinances and videos of the incident which speaks for themselves.

43. The allegations contained in this paragraph are directed at a co-defendant for which a separate responsive pleading will be filed. To the extent the allegations contained in this paragraph allege any wrongdoing by this Defendant, those allegations are denied.

44. Defendant denies the allegations contained in this paragraph and defers to the case law which speaks for itself.

45. Denied.

46. Denied.

47.     Denied as stated. Defendant defers to all videos of the subject incident which speak for themselves.

48.     Defendant admits that Plaintiff left City Hall. The remaining allegations contained in this paragraph are denied. To the extent the allegations contained in this paragraph allege any wrongdoing by this Defendant, those allegations are denied.

49.     Defendant admits that Plaintiff was not charged with a criminal offense. To the extent the allegations contained in this paragraph allege any wrongdoing by this Defendant, those allegations are denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied as stated.

55.     Denied.

56.     Denied.

57.     Admitted. To the extent the allegations contained in this paragraph allege any wrongdoing by this Defendant, those allegations are denied.

58.     Admitted. To the extent the allegations contained in this paragraph allege any wrongdoing by this Defendant, those allegations are denied.

59.     Defendant denies the allegations contained in this paragraph and defers to the case law which speaks for itself.

60.     Defendant denies the allegations contained in this paragraph and defers to the case law which speaks for itself.

61.    Defendant denies the allegations contained in this paragraph and defers to the case law which speaks for itself.

62.    Denied.

63.    The allegations contained in this paragraph are directed at a co-defendant for which a separate responsive pleading will be filed. To the extent the allegations contained in this paragraph allege any wrongdoing by this Defendant, those allegations are denied.

64.    Denied.

65.    Defendant denies the allegations contained in this paragraph and defers to the case law which speaks for itself.

66.    Defendant denies the allegations contained in this paragraph and defers to the case law which speaks for itself.

67.    Defendant denies the allegations contained in this paragraph and defers to the case law which speaks for itself.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Defendant denies the allegations contained in this paragraph and defers to the City's Code of Ordinances which speaks for itself.

72.    Denied.

73.    Denied.

74.    The allegations contained in this paragraph are directed at co-defendants for which separate responsive pleadings will be filed. To the extent the allegations contained in this paragraph allege any wrongdoing by this Defendant, those allegations are denied.

75.    Defendant denies the allegations contained in this paragraph and defers to the case law which speaks for itself.

76.    Denied.

77.    Denied as stated. Defendant defers to all videos of the subject incident which speak for themselves.

78.    Denied as stated. Defendant defers to all videos of the subject incident which speak for themselves.

79.    Denied.

80.    Defendant denies the allegations contained in this paragraph and defers to the case law which speaks for itself.

81.    Defendant is without sufficient information to admit or deny the information contained in this paragraph. Out of an abundance of caution, those allegations are denied.

82.    Defendant admits that Plaintiff provided a purported Notice of Claim to Defendant. To the extent the allegations contained in this paragraph allege that said Notice of Claim is sufficient and/or proper as required under the Mississippi Tort Claims Act, those allegations are denied.

83.    Denied.

84.    Denied.

85.    Denied.

Regarding the unnumbered paragraph beginning with "WHEREFORE," Defendant denies any negligence or other wrongdoing whatsoever and, therefore, denies that Plaintiff is entitled to any and all relief requested. Defendant denies all relief requested in subparts A-G.

## II.    AFFIRMATIVE DEFENSES

AND NOW, having answered the Plaintiff's Complaint, Defendant would allege the following defenses both affirmatively and alternatively, as follows:

### FIRST AFFIRMATIVE DEFENSE

This claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as it fails to state a claim against the Defendant upon which relief can be granted and should therefore be dismissed.

### SECOND AFFIRMATIVE DEFENSE

At all material times, Defendant and its employees acted based upon good faith and without malice.

### THIRD AFFIRMATIVE DEFENSE

At all material times, Defendant's actions were based upon probable cause and were justifiable.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's employees are protected under qualified immunity for any act.

### FIFTH AFFIRMATIVE DEFENSE

Since no constitutional violation occurred, the City of Ocean Springs, Mississippi cannot be held liable for Plaintiff's claims.

### SIXTH AFFIRMATIVE DEFENSE

Defendant asserts all immunities available under the Mississippi Tort Claims Act, including but not limited to, those under Section 11-46-9, all applicable statues of limitations, and pre-suit notice requirements.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads all limits of liability provided by Miss. Code Ann. § 11-46-15.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant affirmatively states that this matter is in the early stages of litigation, and since Defendant does not have the full benefit of discovery, it pleads all applicable affirmative rights and defenses available under Mississippi and Federal law, rule or regulation, including, but not limited to, those defenses set forth in Rules 8 and 12 of the Mississippi and Federal Rules of Civil Procedure.

## NINTH AFFIRMATIVE DEFENSE

Defendant would show that the Plaintiff was afforded all protection due him under the Fourth Amendment to the United States Constitution and that any action by Defendant was reasonably proper and complied with any and all constitutional standards.

## TENTH AFFIRMATIVE DEFENSE

The negligent and/or intentional acts or omissions of the Plaintiff were the sole proximate cause and/or substantial contributing cause of any incident complained of by the Plaintiff, and any and all injuries sustained by the Plaintiff, if any, all of which are denied, and that these activities on the part of the Plaintiff absolve this Defendant herein of any liability whatsoever.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant asserts all available defenses with regard to statutes or periods of limitation, in addition to the doctrines of waiver, laches and unclean hands. This action, therefore, should be dismissed.

**TWELFTH AFFIRMATIVE DEFENSE**

Any damages suffered by the Plaintiff were caused, in whole or in part, by persons and/or entities, whether party to this suit or not, other than this answering Defendant, and thus constitute intervening and superseding causes.

**THIRTEENTH AFFIRMATIVE DEFENSE**

This Defendant incorporates and asserts any additional affirmative defenses which may be applicable and pled by any additional parties.

**FOURTEENTH AFFIRMATIVE DEFENSE**

This Defendant denies each and every allegation of the Plaintiff's Complaint not specifically heretofore admitted, regardless of paragraph number or lack thereof, or paragraph letter or lack thereof.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant would plea and assert that, pursuant to Section 11-46-15 of the Mississippi Code of 1972, as amended and annotated, liability is limited and no judgment shall include an award for exemplary or punitive damages or for interest prior to judgment or an award of attorney's fees.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant affirmatively asserts the common law and statutory doctrines of sovereign immunity and/or qualified immunity.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant is immune from punitive damages under 42 U.S.C. § 1983.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to properly plead with specificity his claims based on 42 U.S.C. §1983, and Plaintiff's constitutional claims are vague, general, and so unspecific that they do not adequately plead the alleged violations of constitutional rights.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole and in part by principles of comparative negligence.

## TWENTIETH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant's agents were municipal officials, acting in their official capacity in the discharge of their official duties as a law enforcement officer, which required the exercise of reasonable official judgment and discretion, and, in doing so, they proceeded, at all times in good faith, for reasonable cause, and entirely within the bounds of the qualified privilege they enjoyed under the circumstances with the result that Defendant is immune from liability for the claims asserted against them. Therefore, Plaintiff is entitled to no recovery or other relief in this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant would affirmatively show that any action taken regarding the Plaintiff was reasonable and proper and that the Plaintiff was afforded all protections due him under the Mississippi and United States Constitutions and, if applicable, 42 U.S.C. § 1983.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

This Defendant specifically reserves the right to file and present other or further affirmative defenses after further discovery and investigation herein.

AND NOW having answered the Complaint filed against it herein, and having set forth the foregoing Affirmative Defenses, Defendant moves to be dismissed with all costs to be assessed to the Plaintiff.

Respectfully submitted, this the 28th day of June, 2024.

CITY OF OCEAN SPRINGS, MISSISSIPPI
*Defendant*

BY:     /s/ *Will R. Norman*
        _____
        ROBERT W. WILKINSON (MSB No. 7215)
        WILL R. NORMAN (MSB No. 105713)
        Wilkinson, Williams, Bosio & Sessoms, PLLC
        734 Delmas Avenue (39567)
        Post Office Box 1618
        Pascagoula, MS 39568-1618
        Tel: (228) 762-2272; Fax: (228) 762-3223
        rwilkinson@wwbslaw.com
        wnorman@wwbslaw.com